## IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

| | |
|---|---|
| BRIAN HEISE and THERESE HEISE, ) ) ) Plaintiffs, ) ) v. ) ) GREE ELECTRIC APPLIANCES, ) INC. OF ZHUHAI; HONG KONG ) GREE ELECTRIC APPLIANCES ) SALES LTD.; GREE USA, INC.; MJC ) AMERICA, LTD. d/b/a SOLEUS ) INTERNATIONAL INC.; MJC ) AMERICA HOLDINGS CO., INC.; ) MJC SUPPLY, LLC; and HOME ) DEPOT U.S.A., INC., ) ) Defendants. ) | No. L19072<br>JURY DEMANDED |

## ALIAS SUMMONS

To: Home Depot U.S.A., Inc.
c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312

**You are hereby summoned** and required to serve upon Weldon E. Patterson, Plaintiffs' attorney, whose address is 2701 Kingston Pike, Knoxville, Tennessee 37919, a true copy of the Answer to the Complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. You will file the original with the Court.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

STATE OF TENNESSEE, BLOUNT COUNTY
I, TOM HATCHER, CIRCUIT COURT CLERK FOR SAID COUNTY, CERTIFY THIS TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL WHICH IS ON FILE IN MY OFFICE AT THE BLOUNT COUNTY JUSTICE CENTER.
WITNESS BY HAND AND SEAL AT OFFICE, THIS 1st
OF October 2010
TOM HATCHER, CLERK
_____ D.C.

Issued this 1st day of October, 2015 at 8:53 o'clock, A M.

Tom Hatcher
Clerk

[signature]
Deputy Clerk

*Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do no need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.*

## RETURN ON SERVICE OF SUMMONS

I hereby certify and return that on the _____ day of _____, 2015, I:

_____

Served this Summons together with the Complaint, as follows:

_____
_____
_____

Failed to serve this summons within 90 days after its issuance because:

_____
_____

_____
Process Server

## IN THE CIRCUIT COURT FOR BLOUNT COUNTY, TENNESSEE

BRIAN HEISE and )
THERESE HEISE, )
 )
    Plaintiffs, )
 )
v. ) No. L 19072
 ) JURY DEMANDED
GREE ELECTRIC APPLIANCES, )
INC. OF ZHUHAI; HONG KONG )
GREE ELECTRIC APPLIANCES )
SALES LTD.; GREE USA, INC.; MJC )
AMERICA, LTD. d/b/a SOLEUS )
INTERNATIONAL INC.; MJC )
AMERICA HOLDINGS CO., INC.; )
MJC SUPPLY, LLC; and HOME )
DEPOT U.S.A., INC., )
 )
    Defendants. )

## COMPLAINT

Come the Plaintiffs, by and through counsel, and for cause of action against the Defendants would state as follows:

## PARTIES

1. Plaintiffs Brian Heise and Therese Heise, husband and wife, are citizens and residents of Blount County, Tennessee.

2. Upon information and belief, Defendant Gree Electric Appliances, Inc. of Zhuhai is a corporation incorporated under the laws of the People's Republic of China with its principal place of business located in Zhuhai, China.

3. Upon information and belief, Defendant Hong Kong Gree Electric Appliances Sales Ltd. is a wholly-owned subsidiary of Defendant Gree Electric Appliances, Inc. of Zhuhai incorporated under the laws of Hong Kong.

1

4. Defendant Gree USA, Inc. is a California corporation with its principal place of business located at 20035 E. Walnut Dr. North, City of Industry, CA 91789.

5. Defendant Gree USA, Inc. can be served through its registered agent for service of process, Jimmy Loh, 20035 E. Walnut Dr. North, City of Industry, CA 91789.

6. Defendant MJC America, Ltd. d/b/a Soleus International Inc. is a California corporation with its principal place of business located 20035 E. Walnut Dr. North, City of Industry, CA 91789.

7. Defendant MJC America, Ltd. d/b/a Soleus International Inc. can be served through its registered agent for service of process, Jimmy Loh, 20035 E. Walnut Dr. North, City of Industry, CA 91789.

8. Defendant MJC America Holdings Co., Inc. a California corporation with its principal place of business located 20035 E. Walnut Dr. North, City of Industry, CA 91789.

9. Defendant MJC America Holdings Co., Inc. can be served through its registered agent for service of process, Jimmy Loh, 20035 E. Walnut Dr. North, City of Industry, CA 91789.

10. Defendant MJC Supply, LLC is a California limited liability company with its principal place of business located at 20741 E. Crest Lane, Diamond Bar, CA 91765.

11. Defendant MJC Supply, LLC can be served through its registered agent for service of process, Jimmy Loh, 20035 E. Walnut Dr. North, City of Industry, CA 91789.

12. Defendant Home Depot U.S.A., Inc. is a Delaware corporation with its principal place of business located at 2455 Paces Ferry Road SE, Atlanta, GA 30339-1834.

13. Defendant Home Depot U.S.A., Inc. can be served through its registered agent for service of process, Corporation Service Company, 2908 Poston Ave, Nashville, TN 37203-1312.

## JURISDICTION AND VENUE

14. This cause relates to transactions had, in whole or in part, within the State of Tennessee and acts and omissions that resulted in injury within the State of Tennessee. Therefore, jurisdiction over these Defendants is proper in this Court pursuant to Tennessee's Long-Arm Statute. Tenn. Code Ann. § 20-2-214.

15. The incident which forms the basis of this action occurred in Blount County, Tennessee, and therefore venue is proper in this Court.

## BACKGROUND/FACTS

16. Upon information and belief, Defendant Gree Electric Appliances, Inc. of Zhuhai manufactures, constructs, designs, prepares, assembles, markets, packages and labels, among other products, dehumidifiers marketed and labeled under the product name SoleusAir Powered by Gree.

17. Upon information and belief, Defendant Hong Kong Gree Electric Appliances Sales Ltd. exports products manufactured by Defendant Gree Electric Appliances, Inc. of Zhuhai to the United States.

18. Upon information and belief, Defendants Gree Electric Appliances, Inc. of Zhuhai and Hong Kong Gree Electric Appliances Sales Ltd. entered into an agreement with Defendant MJC America, Ltd. d/b/a Soleus International Inc., a privately-held California-based manufacturer, importer and distributor of home comfort products, to form Defendant Gree USA, Inc., in order to sell in the United States dehumidifiers and other products manufactured by Defendant Gree Electric Appliances, Inc. of Zhuhai and exported by Defendant Hong Kong Gree Electric Appliances Sales Ltd.

3

19. Upon information and belief, Defendant MJC America Holdings Co., Inc. was formed for the sole purpose of holding an ownership interest in Defendant Gree USA, Inc.

20. Upon information and belief, the above-named Defendants formed Defendant MJC Supply, LLC primarily to distribute proceeds paid by Defendant Gree USA, Inc. to the various entities performing that Defendant's management and administrative functions.

21. Defendant Home Depot U.S.A., Inc., markets, distributes and sells, among other products, dehumidifiers marketed and labeled under the product name SoleusAir Powered by Gree.

22. Upon information and belief, each Defendant may be deemed by law to be a manufacturer.

23. Sometime between January and April of 2012, Plaintiffs purchased a SoleusAir Powered by Gree brand dehumidifier, model SG-DEH-30-1, from one of Defendant Home Depot U.S.A., Inc.'s store locations in Maryville, Tennessee.

24. On or about August 15, 2014, in the early morning hours, Plaintiffs were asleep at their residence in Maryville, Tennessee, when they were awakened by the smell of burning plastic and smoke coming through the air conditioning vent. Plaintiffs went downstairs to their kitchen and observed smoke coming out of their kitchen island cook top vent. Plaintiff Brian Heise immediately went downstairs into the basement area of Plaintiffs' home to investigate, where he detected a fire in the dehumidifier manufactured and sold by the Defendants. Mr. Heise used a hose to extinguish the fire.

25. Mr. Heise was exposed to smoke, particulate matter and toxic chemicals released by the fire in the dehumidifier.

4

26. Mr. Heise thereafter showered and began experiencing significant problems breathing. Plaintiff Therese Heise transported Mr. Heise to the Blount Memorial Hospital Emergency Room, where Mr. Heise was tested for smoke inhalation and was admitted for an overnight stay.

27. Mr. Heise was given breathing treatments at Blount Memorial Hospital and was referred to his family physician, Dr. Richard Gaddis at East Tennessee Medical Group. Dr. Gaddis immediately prescribed an Albuterol Sulfate inhaler, which Mr. Heise must use twice daily, potentially for the rest of his life.

28. Mr. Heise was exposed to a chemical or chemicals, which is believed to metabolize into phosgene, while putting out the fire caused by the defective and/or unreasonably dangerous dehumidifier at issue. This has caused significant respiratory problems for Mr. Heise, including exertional dyspnea, and has led to a rebirth of his asthma that he had as a child. Mr. Heise can no longer engage in many of his passions, including running, horseback riding, snorkeling and scuba diving, and firearm shooting, and he generally gets winded very easily as a result of the fire caused by the dehumidifier.

29. Mr. Heise is employed as an independent contractor for Calculated Controls performing engineering tasks as a maintenance planner. As a proximate and direct result of the smoke inhalation caused by the defective and/or unreasonably dangerous dehumidifier, Mr. Heise is now unable to pass respirator tests required for certain projects and has lost significant wages as a result of his injuries.

30. Both Plaintiffs have incurred and will continue to incur medical bills for the treatment and comfort of Mr. Heise as a direct and proximate result of the fire caused by the defective and/or unreasonably dangerous dehumidifier.

5

31. Mrs. Heise has suffered loss of consortium as a result of Mr. Heise's injuries.

32. In addition to Mr. Heise's personal injuries, the fire caused by the defective and/or unreasonably dangerous dehumidifier caused significant smoke damage to Plaintiffs' home, forcing Plaintiffs to live in an RV for six months and substantially decreasing the value of their home.

## COUNT I – STRICT LIABILITY

33. Plaintiffs assert the following cause of action against Defendants:

34. Defendants are engaged in the business of manufacturing, constructing, designing, preparing, assembling, packaging, labeling, distributing, marketing and selling dehumidifiers, including the dehumidifier at issue in this case.

35. Defendants manufactured and sold a defective and/or unreasonably dangerous product. The dehumidifier was defective and/or unreasonably dangerous at the time it left the manufacturer's control because it caught on fire while Plaintiffs were using the dehumidifier in the manner it was intended to be used.

36. The defective and/or unreasonably dangerous condition of the dehumidifier caused harm to Plaintiffs. This harm includes severe damage to Plaintiffs' home, which necessitated their abandonment of the residence to seek shelter elsewhere, and proximately caused personal injury to Plaintiff Brian Heise as described herein.

37. The dehumidifier was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases same.

38. A reasonably prudent manufacturer or seller would not put the dehumidifier at issue on the market because of its unreasonably dangerous condition.

39. Defendants had a duty to effectively and adequately warn Plaintiffs of the dehumidifier's potential danger or to reveal its unsafe condition.

40. Defendants failed to provide said necessary warnings to Plaintiffs.

## COUNT II – NEGLIGENCE

41. Plaintiffs assert the following cause of action against Defendants:

42. Defendants are liable to Plaintiffs for their negligent acts and omissions.

43. Defendants had a duty to exercise reasonable care in designing, manufacturing, testing and inspecting the dehumidifier and its component parts to ensure the product could be safely used for its intended purpose.

44. Defendants failed to exercise reasonable care in designing, manufacturing, testing and inspecting the dehumidifier and its component parts, resulting in a product which suddenly caught on fire as a result of a defect in design or manufacture.

45. Defendants had a duty to use reasonable care to warn Plaintiffs of the dehumidifier's potential danger or to reveal its unsafe condition.

46. Defendants failed to provide said necessary warnings to Plaintiffs.

47. The dehumidifier did not operate correctly and caught on fire when Plaintiffs used it in the manner for which it was designed.

48. The defective and/or unreasonably dangerous condition of the dehumidifier was the proximate cause of Plaintiffs' damages and injuries.

## COUNT III – BREACH OF WARRANTY

49. Plaintiffs assert the following cause of action against Defendants:

50. Defendants are liable to Plaintiffs for breach of express and implied warranties.

51. Defendants expressly warranted that the dehumidifier was safe for use as directed.

7

52. That representation was unsupported as evidenced by the dehumidifier catching on fire while being used for its designed purpose.

53. Defendants impliedly warranted that the dehumidifier was safe for use as directed. Those implied warranties of fitness and merchantability provided the dehumidifier was fit for the particular purpose for which it was sold, specifically for dehumidifying damp rooms.

54. Defendants had reason to know consumers such as Plaintiffs were using the dehumidifier for the specific purpose of dehumidifying damp rooms because the dehumidifier was specifically marketed by Defendant as being designed for that exact purpose.

55. Defendants had reason to know consumers such as Plaintiffs were relying on the seller's skill and/or judgment in manufacturing and/or selling a suitable dehumidifier because the dehumidifier was specifically marketed by Defendants as being designed for the exact purpose for which it was being used.

56. Plaintiffs were foreseeable and anticipated users of the dehumidifier. Defendants are liable to Plaintiffs for its breach of all express and implied warranties.

## COUNT IV – FAILURE TO WARN OF RECALL NOTICE

57. Plaintiffs assert the following cause of action against Defendants:

58. Defendants knew or should have known that the United States Consumer Product Safety Commission issued recall warnings for the dehumidifier at issue on or about September 12, 2013, and that the recall was expanded to include additional brands of dehumidifiers manufactured by Defendants on or about January 30, 2014.

59. Defendants had a duty to warn Plaintiffs of the recall. Defendant Home Depot U.S.A., Inc., in particular, the seller of the dehumidifier at issue to Plaintiffs, should have attempted to contact Plaintiffs directly about the recall.

8

60. Defendants failed to warn Plaintiffs of the recall. Defendant Home Depot U.S.A., Inc., in particular failed to contact Plaintiffs directly about the recall.

61. Defendants' failure to warn Plaintiffs of the recall is a proximate cause of Plaintiffs' damages.

62. Defendants are liable to Plaintiffs for their failure to warn of the recall notices for the dehumidifier at issue.

## COUNT V – PUNITIVE DAMAGES

63. Plaintiffs assert the following cause of action against Defendants:

64. Upon information and belief, Defendants knew that the model dehumidifier at issue was defective and/or unreasonably dangerous, and knew specifically that the model dehumidifier at issue was prone to overheating and catching fire.

65. Despite having this knowledge, Defendants continued to manufacture, market, distribute and sell the model dehumidifier at issue.

66. In the alternative, Defendants should have known that the model dehumidifier at issue was defective and/or unreasonably dangerous based upon complaints from consumers that the dehumidifiers were prone to overheating and catching fire.

67. Defendants continued to manufacture, market, distribute and sell the model dehumidifier at issue despite consumer complaints indicating that the dehumidifiers were defective and/or unreasonably dangerous.

68. Defendants' continued manufacturing, marketing, distribution and sales of the model dehumidifier at issue despite knowledge of the defective and/or dangerous condition, including consumer complaints indicating the product was defective and/or unreasonably

9

dangerous, constitutes intentional and/or reckless conduct, thereby entitling Plaintiffs to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs pray that this Honorable Court grant them the following relief:

1. Let process issue, requiring these Defendants to answer this Complaint;

2. Empanel a jury of twelve to try this cause;

3. Award Brian Heise compensatory damages in the amount of $1,250,000;

4. Award Therese Heise loss of consortium damages in the amount of $200,000;

5. Award Plaintiffs punitive damages against the Defendants in an amount not to exceed $3,000,000;

6. Award Plaintiffs court costs and discretionary costs; and

7. Award such other or further relief as this Court may deem proper.

Respectfully submitted this 13 day of August, 2015.

Weldon E. Patterson, BPR No. 13608
Butler, Vines & Babb, PLLC
2701 Kingston Pike
P.O. Box 2649
Knoxville, TN 37901-2649
(865) 637-3531

## COST BOND

The undersigned, pursuant to Tenn. Code Ann. § 20-12-125, acknowledges itself as surety for amounts required by law or included in the clerk's bill of costs in this cause.

BUTLER, VINES & BABB, PLLC

By: _____

11

CERTIFIED MAIL™

7011 3500 0000 2583 5763

neopost
10/01/2015
US POSTAGE $07.89

ZIP 37919
041L11233708

# FIRST CLASS MAIL

BUTLER
VINES
& BABB
Attorneys at Law

Butler, Vines and Babb, P.L.L.C.
2701 Kingston Pike
Post Office Box 2649
Knoxville, Tennessee
37901-2649

Home Depot U.S.A., Inc.
c/o Registered Agent
Corporation Service Company
2908 Poston Ave.
Nashville, TN 37203-1312